This suit involves a demand for payment of three months' salary and certain automobile expenses to the plaintiff on the ground that his employment as a rough rice grader and buyer by the defendant was by the year with salary payable monthly, and that he was discharged without any cause or reason three months before the expiration of the year for which he had been employed.
His suit is based on a specific contract of employment for the year beginning July 1, 1941, and ending July 1, 1942, at a salary payable monthly at the rate of $125 with an allowance payable monthly for certain automobile expenses during the busy part of the rice season. The allowance for automobile expenses was at the rate of $40 per month covering a period of eight months. He avers that during the said period he performed the services required of him in the course of his employment in a prudent, diligent and workman-like manner at all times, and that he used his automobile in performing those services all in accordance with his contract of employment.
He then alleges that on or about April 1, 1942, the defendant terminated the contract between them without reason or just cause, and without any ground of complaint, as of that date, and that he has ever since failed and refused to pay him the salary agreed upon for the months of April, May and June, 1942, and also a balance of $5 per month for eight months' use of his automobile as was included in the terms of the contract. His demand therefore is for the sum of $415, of which amount $375 is for the three months' salary he claims and $40 for eight months' use of his automobile at $5 per month.
In the alternative plaintiff pleads that if it be shown that there was no specific contract entered into between him and the defendant for the year beginning July 1, 1941, and ending July 1, 1942, then he was so employed by the defendant and that a contract nevertheless existed between them for the following reasons: (1) That he had been continuously employed by the defendant on a yearly salary payable by the month ever since the summer of 1921, with the exception of that period between August, 1934 and July, 1935, and during that entire time he was paid his salary each and every month for each twelve-month period with the exception of one month at the time the banks were closed, and that his said employment continued by the year from year to year until the time of his discharge on April 1, 1942. (2) That during the month of June, 1935, he and the defendant entered into an oral contract of employment for the year beginning July 1, 1935 and ending July 1, 1936, at a monthly salary of $152 and an allowance of $40 per month for automobile expenses during the busy rice season, which contract was continued and tacitly renewed and reconducted from year to year without the necessity of any formal renewal thereof at the end of each year until he was discharged by defendant on April 1, 1942, with this exception only that on July 1, 1939, his salary was reduced from $152 to $125 per month. (3) That it is the custom in the rice business and it was the particular custom of the defendant to employ salaried employees, and particularly rough rice graders and buyers on a yearly basis to run concurrently with the rice season, that is, from July 1st of one year to July 1st of the following year, and that such custom has prevailed in the rice business and in the employment of salaried employees, particularly rough rice buyers and graders, for many years, and that the defendant so employed his rough rice buyers and graders, plaintiff being among those who were so employed.
The defendant's contention as appears from his answer is that the contract between him and the plaintiff was one of employment by the month; that under their agreement he had the right to discharge plaintiff at the end of any one month, the same as plaintiff would have had the right to leave his employment at the end of any given month. Defendant avers that when he employed anyone by the year it was invariably by a written contract. He seems to admit that in June, 1935, after plaintiff had left his employ, he re-employed him at his request. That his contract of employment at that time was in writing, for one year beginning July 1st of that year and ending July 1, 1936; that written renewals of the contract were entered into *Page 478 
between them for the subsequent three years but that when plaintiff asked him to renew again for the following year, which was from July 1, 1939 to July 1, 1940, he advised him that he could not employ him by the year any longer and refused to enter into any written contract with him, advising him that beginning with that year his employment would be by the month. He avers that following that time he paid plaintiff his salary monthly under the contract as it existed then and also paid him the automobile expenses agreed upon between them and finally on or before March 1, 1942, plaintiff was notified that his employment would be terminated on April 1st following. Defendant avers that he has paid the plaintiff all the salary that was due him and that he does not owe him anything further.
After trial of the case in the district court on the issues as thus made up there was judgment in favor of the plaintiff and against the defendant for the full amount of the demand. Defendant prosecutes this appeal.
The record is very voluminous, a vast amount of testimony having been offered to show what the prevailing custom is in the rice industry regarding the employment by rice mills particularly of rough rice buyers and graders and also to show that that custom was followed by the defendant who owned and operated one of such mills, not only with regard to rough rice graders and buyers but also with regard to most of his salaried employees.
We believe, however, that the plaintiff has adduced sufficient proof to support his contention that he had a specific contract with the defendant covering a period of employment by the year, for the year beginning July 1, 1941, and ending July 1, 1942. His own testimony is supported by various facts and circumstances which we find it unnecessary to discuss in detail. Defendant insists that with regard to those of his employees who were hired by the year he always entered into a written contract with them and yet of all such employees who testified only one was shown to have had a written contract and even as to him there was only one renewal of the contract in that form. Subsequent renewals were made without the formality of written agreement. Plaintiff denies positively that he ever entered into any written contract with the defendant, and although defendant's business was a large one, conducted with an efficient office force, he was unable to produce any records whatever that show any such form of written contract between them.
The point which seems to be stressed more than any other by defendant and his counsel is that the plaintiff himself construed the contract as being one of employment by the month because in the month of August, 1934, just when the busy season was to begin in the rice business, he left the defendant's employ without even notifying him. What happened at that time, however, is fully explained in the record as it is shown that beginning with that period, rough rice could only be bought by the mills after it had been graded by graders employed by the government who were authorized to issue government certificates. As the mills could only buy rough rice on such certificates it became unnecessary for them to employ any graders at all. Plaintiff secured employment as a government grader as that seemed to be the only way in which he could continue to work that year. Whilst it is true that he left his employment with the defendant without giving the latter formal notice, we think the testimony shows that defendant was fully aware of what was taking place and that he was satisfied with the new arrangement. It is shown that his own son-in-law who was working for him also as a rough rice buyer and grader left him in the same manner and accepted one of these government positions.
But all of that seems to have but little bearing on the question at issue in this case which arises over a demand for the remaining salary plaintiff claims to be due him under a contract of employment for the year beginning July 1, 1941 and ending July 1, 1942. It is shown that after this government grading stopped, the defendant himself asked plaintiff to enter his employment again and had a definite contract with him then that his employment was by the year and at a greatly increased salary. That is the time that defendant claims he insisted on a written contract which they entered into and which he discontinued after a few years when he again employed plaintiff on a monthly basis. On this point we have already expressed our reaction to the testimony.
The evidence convinces us that except for occasional changes in the amount of plaintiff's salary over the many years he worked for defendant, the understanding *Page 479 
between them was that the employment was by the year and that to us is no better indicated than by the defendant's own admission that had he not sold his mill and gone out of business he would have continued paying plaintiff his salary as he had been doing during all the preceding years, that is, for the months during which he was idle as well as for those of the busy season in the rice business.
If we had to rely on what the custom is shown to be in the rice business, certainly there is an abundance of testimony to support plaintiff's contention that rough rice buyers and graders are, in the absence of a definite contract to the contrary, employed by the year. The very nature of their employment and of the work they do makes that necessary as for seven or eight months they are kept extremely busy, working late into the night at times, whereas, for the remainder of the year, during the idle season, it is difficult, if not impossible, for them to find other employment.
We find the judgment appealed from to be correct, and for the reasons stated it is affirmed at the costs of the defendant, appellant herein.